Lester C. Miller, Plaintiff in Error,

*v.*

State of Tennessee, Defendant in Error.

392 S.W.2d 328.

(*Knoxville*, September Term, 1964.)

Opinion filed June 28, 1965.

Frank L. Flynn, Jr., Ray L. Jenkins, Knoxville, for plaintiff in error.

George F. McCanless, Attorney General, Marne S. Matherne, Assistant Attorney General, for the State.

MR. JUSTICE DYER delivered the opinion of the Court.

The plaintiff in error, Lester C. Miller hereinafter referred to as defendant, appeals from a conviction of murder in the second degree for the shotgun slaying of his wife.

On 31 January 1964 Jess Chamberlain and Ray Roberts, two officers of the Knox County Sheriff's Office, received a call to go to an address on Island Home Pike in Knox County. They found this address to be a five room house with a dirt floor basement and living there at the time were defendant, his wife Clara (deceased), his mother, his brother and the brother's wife and daughter. The officer found defendant sitting in a chair with a 16 gauge shotgun nearby and on a couch in the same room lay the deceased with a fatal shotgun wound in her left side. The officers placed handcuffs on defendant and asked him what happened. The officers testified defendant took them to the basement relating an argument between himself and deceased and he shot her to keep someone else from getting her when he went to the workhouse. The officers testified defendant also told them, after the shooting, he carried deceased up from the basement and laid her on the couch. Chief Deputy Frank Shearl arrived

on the scene after the arrest and testified defendant told him he had shot her.

The defendant took the stand as a witness and testified as follows: That he and deceased had been married about four years which marriage, and their association before marriage, had been punctuated with violent arguments. That deceased had shot him once before marriage with a shotgun and once after marriage with a pistol. On the day in question an argument ensued between him and deceased over the fact he had lost his job and would have no money to pay a fine and during the course of this argument he went into the basement to clean up some tools he kept there. Deceased came into the basement and picked up a shotgun standing next to the basement wall which action resulted in a fight between them for possession of the weapon. Deceased had hold of the barrel when defendant jerked it from her striking the basement wall with the butt of the weapon causing it to fire inflicting the fatal wound. Defendant went upstairs informing his mother he had killed Clara (deceased) and then returned to the basement to carry deceased upstairs laying her on a couch. Defendant did not recall going to the basement with the officers.

The defendant assigns as error the admission of the confessions made to the officers on the ground the officers did not advise defendant he had a right to remain silent or that he had a right to counsel. In support of this assignment defendant cites *Escobedo v. State of Illinois*, 378. U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964). We do not deem it necessary to set out the facts and circumstances of the Escobedo case other than to say they are entirely different from the case at bar. This assignment of error is overruled.

Error is assigned to the action of the trial judge in admitting, over objections of defendants, statements and admissions against interest made by the defendant when the State had failed to comply with the demand made by defendant pursuant to T.C.A. sec. 40-2441.

On the day of his arrest (31 January 1964) the defendant did confess to these officers he had shot his wife and upon the trial, over objection of defendant, the officers so testified. On 16 May 1964 Counsel for defendant made proper request upon the District Attorney General and the Knox County Sheriff's office pursuant to T.C.A. sec. 40-2441. These statements made by defendant to these officers were not reduced to writing and under the terms of this statute counsel for defendant would have been entitled to the names and addresses of all persons present at the time defendant made these statements. The State having elected not to furnish this information then this statute prohibits the introduction of these statements as evidence against defendant.

This matter was brought to the attention of the Trial Judge on the first day of the trial (13 October 1964) when the defendant objected to the admission of these oral statements. The Trial Judge heard argument on the matter and stated as follows:

* * * that inasmuch as there was no written statement and only "claimed" verbal statements made that he was of the opinion that the statute could be complied with by the officer now giving to the defendant and his attorneys the names of any and all persons who may have heard such statements and the Attorney General stating that the witnesses who did hear same were present and out under the rule.

The Trial Court recessed one hour to give counsel for defendant time to confer with those persons present at the time of the alleged oral confessions.

The statements of defendant made to these officers was very material to this case. In fact without them this record would not support this conviction. Under these facts we do not think the effort of the Trial Judge to rectify this error would satisfy the requirements of T.C.A. sec. 40-2441.

The State takes the position if this were error it was harmless error, which argument is based on two known facts and a conclusion drawn therefrom. The first fact is defendant was given the names of the persons present at the time the statements were made and his counsel given one hour to interview them. Second these same persons became witnesses for the State and were cross-examined by defendant. The conclusion is had defendant received their names and addresses, when requested, he would have received the same information from them he received during the hour interview and in fact the same information they gave as witnesses in the trial.

We agree with the State's position but do not think it takes into consideration the full import of this statute. It is well known an interview with one having knowledge of material facts, as the officers in this case, can lead to other persons or other information bearing upon the matter at issue; and to pursue such would require a reasonable time. As to whether such would be true in this case, or any case, would be speculative but the court, under this statute is not at liberty to speculate on the matter. This assignment of error is sustained. The judgment of the Trial Court is reversed and the cause remanded for a new trial.